IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

TETRA TECH, INC.,

Plaintiff,

v.

MUNICIPALITY OF ARECIBO,

Defendant.

CIVIL NO. 13-1651 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

On February 2008, the United States Environmental Protection Agency ("EPA") made a series of remarks about Defendant Municipality of Arecibo's ("Arecibo") non-compliance with the Clean Water Act. In furtherance of Arecibo's efforts for federal compliance, it sought the help of Plaintiff Tetra Tech ("Plaintiff" or "Tetra Tech") that provides environmental consulting, engineering and technical services. Both parties entered into a series of contracts which are the object of this case. At the time of the filing of the dispositive motion, Tetra Tech claimed it was still owed the sum $32,036.00 for invoiced and performed work, and claimed damages as a result of Arecibo's lack of payment.

Before the Court is Tetra Tech's Motion for Summary Judgment (Docket No. 42) and Arecibo's opposition thereto. (Docket No. 45). Tetra Tech's argument is simple, to wit, it has not been paid for some of the work it performed. Arecibo's argument is equally simple, to wit, Tetra Tech has not fully complied with its contractual obligations in performing the work, and has not evidenced that the work it invoiced Arecibo for has allegedly been

performed. Therefore, Arecibo claims its non-payment is justified and summary judgment should be denied.

For the reasons explained herein below, Tetra Tech's Motion for Summary Judgment is DENIED.

## STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56 (c). Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997).

After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortés-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed "material" if it potentially could affect the outcome of the suit. Id. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences

in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

The First Circuit Court of Appeals has "emphasized the importance of local rules similar to Local Rule 56 [of the District of Puerto Rico]." Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007); *see also*, Colón v. Infotech Aerospace Servs., Inc., 869 F.Supp.2d 220, 225-226 (D.P.R. 2012). Rules such as Local Rule 56 "are designed to function as a means of 'focusing a district court's attention on what is -and what is not- genuinely controverted.'" Hernández, 869 F.Supp.2d at 7 (*quoting* Calvi v. Knox County, 470 F.3d 422, 427 (1st Cir. 2006)). Local Rule 56 imposes guidelines for both the movant and the party opposing summary judgment. A party moving for summary judgment must submit factual assertions in "a separate, short, and concise statement of material facts, set forth in numbered paragraphs." Loc. Rule 56(b). A party opposing a motion for summary judgment must "admit, deny, or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of facts." Loc. Rule 56 (c). If they so wish, they may submit a separate statement of facts which they believe are in controversy. Facts which are properly supported "shall be deemed admitted unless properly controverted." Loc. Rule 56(e); P.R. Am. Ins. Co. v. Rivera-Vázquez, 603 F.3d 125, 130 (1st Cir. 2010) and Colón, 869 F.Supp.2d at 226. Due to the importance of this function to the summary judgment process, "litigants ignore [those rules] at their peril." Hernández, 486 F.3d at 7.

Before moving on, the Court must mention that Plaintiff Tetra Tech failed to comply with Local Rule 5(g), which requires that "[a]ll documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English prepared by an interpreter certified by the Administrative Office of the United States Courts." Loc. R. 5(g) (2009). Plaintiff has failed to abide by this rule, insofar as it filed, in support of its Motion for Summary Judgment, copies of the contracts and a copy of a web page with information about filings at the Puerto Rico Comptroller's Office which were not translated into English. Therefore, none of these documents were considered for purposes of this Opinion and Order and they are hereby STRICKEN from the record.

## FINDINGS OF FACT

With the above in mind, and pursuant to the parties' submissions, the Court deems the following facts uncontested.

1. Plaintiff Tetra Tech, Inc. is a private corporation organized, and existing, under the laws of the State of Delaware, United States of America, with its principal place of office and business located in 3475 East Foothill Boulevard, Pasadena, CA 91107. P. Exhibit 19, p.1, ¶ 4.

2. Co-Defendant Arecibo is a Puerto Rico urban administrative division with powers of self-government, and equivalent to a county, with its principal place of office located at Méndez Vigo Ave., Arecibo, Puerto Rico. Docket No. 17, ¶ 2.

3. On February 2008, the United States EPA made a series of remarks to the Municipality of Arecibo about its non-compliance with the Clean Water Act, specifically sections 301, 308, 309 and 402, 404, 33 U.S.C. §§ 1251, 1311, 1318, 1319 and 1342. P. Exhibit 3, p.1 ¶ 1, "Background Section."

4. On February 7, 2008, the Municipality of Arecibo was required to submit a Notice of Intent for storm water discharges associated with municipal separate storm sewer systems (MS4s) in urbanized areas, to surface water bodies. It was also required to develop, submit and to implement a Storm Water Management Program to bring the Municipality into compliance with the Clean Water Act. P. Exhibit 1, p.9 ¶ 4.

5. On February 13, 2008, Arecibo was also notified of a list of deficiencies and required to take corrective actions, among other things. P. Exhibit 2, pp. 4-9.

6. Tetra Tech is a leading provider of environmental consulting, engineering, and technical services worldwide. Exhibit 19, p.2 ¶ 5.

7. Tetra Tech started providing environmental consulting services and recommending EPA compliance measures to the Municipality of Arecibo on June 20, 2011. Id., p. 2, ¶ 6.

8. Tetra Tech served as a liaison between the Municipality of Arecibo, the EPA, the Puerto Rico Environmental Quality Board ("EQB") and the United States Department of Justice ("DOJ"). Id., p. 2 ,¶ 7.

9. On May 4, 2012, Arecibo entered into a Consent Decree ("Consent Decree") in the case, United States of America vs. Municipality of Arecibo, Civil No. 12-419 (CCC), DOJ Case Number 90-5-1-1-09891, filed before the United States District Court for the District of Puerto Rico. D. Exhibit 3, p. 44.

10. The Consent Decree required Arecibo to, among multiple obligations: implement the Storm Water Management Plan, follow the implementation schedule set forth in Appendix A, design and construct a retention pond and a new pump station to replace the existing La Puntilla Pump Station in accordance with Appendix C and D, and perform the specific tasks listed in Appendix A while following the parameters set forth in Appendix B. Id., p.8, ¶ 10.

11. Arecibo entered into multiple contracts with Tetra Tech. P. Exhibit 19, p.2 ¶8.

12. On June 20, 2011, Arecibo entered into contract number 2011-001405 with Tetra Tech for $10,000.00 to develop a revised SWMP. Id., p. 2, ¶9.

13. On June 29, 2011, Arecibo entered into contract number 2011-001450 with Tetra Tech for $500,000.00 in which Tetra Tech was required to provide assistance to Arecibo in establishing a Municipal Separate Storm Sewer System (MS4) runoff management program, among other things. Id., p. 2, ¶10.

Tetra Tech, Inc., v. Municipality of Arecibo
Civil No. 13-1651 (CVR)
Opinion and Order
Page 7

14. On May 1, 2012, Arecibo entered into contract number 2012-001208 with Tetra Tech for $30,000.00 for the review of Arecibo's Hazard Mitigation Plan. Id., p. 2, ¶ 11.

15. On June 20 2012, Arecibo entered into contract 2011- 001450-A with Tetra Tech to amend contract 2011-001450 and increase its budget to $625,000.00 and include additional tasks. Id., p. 3, ¶12.

16. On December 17, 2012, Arecibo entered into contract number 2011-001450-B with Tetra Tech to amend contract 2011- 001450, and extend it to June 30, 2013. Id., p. 3, ¶ 13.

17. On August 1, 2012, Arecibo entered into contract number 2013-000169 with Tetra Tech for $496,055.00 to assist in implementing their MS4's SWMP. Id., p. 3, ¶14.

18. On December 17, 2012, Arecibo entered into contract number 2013-000169–A with Tetra Tech to amend contract 2013- 000169 and extend its expiration date until March 31, 2013. Id., p. 3, ¶ 15.

19. Contracts between Arecibo and Tetra Tech were duly registered at the Puerto Rico Comptroller's Office. Id. p. 3, ¶ 16.

20. Tetra Tech prepared the Hazard Mitigation Plan ("HMP") which was reviewed and approved by the Federal Emergency Management Agency ("FEMA") on March 14, 2013. P. Exhibit 19, p.3, ¶17.

21. In total, Arecibo entered into contracts with Tetra Tech amounting to $1,161,055.00. P. Exhibit 19, p.3, ¶ 19.

22. Tetra Tech invoiced Arecibo a total amount of $935,280.97 of which $833,459.00 were outstanding at the date the present Complaint was filed. P. Exhibit 19, p.3, ¶ 19.

23. On September 5, 2014, Arecibo requested the EQB to disburse to Tetra Tech a partial payment of $771,433.00 under SRF Project No. C-72-087-70. P. Exhibit 13.

24. On November 26, 2014, pursuant to out of court efforts by the parties, Tetra Tech was paid $771,433.00 of the owed amounts related to contracts 2011-001450 and 2013-00169, as amended. P. Exhibit 19, p.4, ¶ 21; P. Exhibits 15 and 16.

25. On June 6, 2014, Arecibo paid Tetra Tech $7,500.00 for services related to the HMP under contract 2012-001208, leaving and open balance related to the HMP amounting to $22,500.00. P. Exhibit 17.

26. On October 24, 2014, Arecibo paid Tetra Tech, through the FEMA matching funds Grant Program (FEMA-4017DR-PR, Project 0009) the balance of $22,500.00 for services related to the HMP under contract 2012-001208, which is thus now paid in full. P. Exhibit 18.

Tetra Tech, Inc., v. Municipality of Arecibo
Civil No. 13-1651 (CVR)
Opinion and Order
Page 9

27. To date, Tetra Tech has not delivered to Arecibo the Storm Sewer Mapping product under contract 2011-001450, year 1, Hato Abajo and Downtown, task 7, exhibit 1.  D. Exhibit 3, ¶ 5, 6(a).

28. To date, Tetra Tech has not delivered to Arecibo the evidence as to the work performed for the completion and tendering of the Storm Sewer mapping under contract 2011-001450, Year 2 MS4, task 8.02 as per exhibit 2.  D. Exhibit 3, ¶5, 6(b).

## LEGAL ANALYSIS

The Court disposes of this motion easily and quickly, as it is evident from the uncontested facts that there are issues of material fact that prevent summary dismissal of this case.

While Tetra Tech has presented evidence of invoices it submitted to Arecibo for certain services rendered, Arecibo has countered with evidence that contradicts Tetra Tech's allegations, mainly, a sworn statement from the Arecibo's Municipal Secretary, Attorney Esdras Vélez ("Attorney Vélez").  Attorney Vélez, as Municipal Secretary, is in charge of verifying completion of contracted work and ensure that Arecibo receives evidence of said completion.  In his statement, Attorney Vélez attests to the fact that Tetra Tech has not provided evidence to Arecibo of the completion of certain work, nor has it delivered certain finished products to Arecibo[1].  Arecibo argues that this is their reason for non-payment, because it cannot pay for invoices without proper evidence of compliance with the

---

[1] See Uncontested Facts Nos. 28 and 29.

contractual terms, which Tetra Tech has not supplied. This argument obviously contradicts directly Tetra Tech's allegations of completion of the work, and thus prevents summary disposition of the remaining $32,036.00 that Tetra Tech alleges it is owed.

The Court must add that this predicament is of Tetra Tech's own making. Over three decades ago, the Court of Appeals expressed their increasing "frustration [with] the more and more typical phenomenon ... of a district court having to decide a motion for summary judgment without the assistance the court should expect from counsel." Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 927 (1st Cir.1983). This was the precise reason why the Local Rules addressing summary judgment were designed. Local Rule 56 (c) states that the non movant, in its opposition to summary judgment, can include a "separate section of additional facts" to those supplied by the moving party. Loc. R. 56 (c). Those facts must be admitted, denied or qualified by the movant in a reply statement. The rule is very clear that all facts which are properly supported shall be deemed "admitted unless properly controverted." Loc. Rule 56(e).

In the present case, Arecibo submitted its own set of additional facts in its opposition to Tetra Tech's facts, and Tetra Tech failed to oppose them in a reply statement. That, in turn, rendered some of Arecibo's key facts admitted, and thus created the genuine issue of fact that has prevented summary disposition of this case.

As a second reason to deny summary judgment, Arecibo avers that Tetra Tech has invoiced it for work that was not contracted for, and thus, payment for those services is not legally owed. This defense also paves the way for the Court's denial of summary judgment,

because of Tetra Tech's violation of Local Rule 5(g) because it failed to supply certified translations to the contracts signed between Tetra Tech and Arecibo. Thus, while Arecibo has challenged Tetra Tech's invoicing because some of the work therein was not contracted for, the Court is unable to ascertain the validity of Tetra Tech's invoices because Tetra Tech failed to submit certified translations of the documents in question, which have now been stricken from the record.

A fact is material if its resolution might affect the outcome of the case under the controlling law. United States v. One Parcel of Real Property (New Shoreham, R.I.), 960 F.2d 200, 204 (1st Cir.1992). A genuine issue exists as to such a fact if there is evidence from which a reasonable trier could decide the fact either way. Id. In the instant case, Arecibo has done so with its unsworn statement, calling into question whether the work Tetra Tech invoiced for and alleges it performed, was actually done. Under these circumstances and with this conflicting evidence, summary judgment cannot be granted. It is up the trier of facts to weigh the evidence and decide which party is correct. Thus, Tetra Tech's Motion for Summary Judgment is DENIED.

## CONCLUSION

For the aforementioned reasons, Tetra Tech's Motion for Summary Judgment (Docket No. 42) is DENIED.[2]

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 16th day of October, 2015.

                                                           S/CAMILLE L. VELEZ-RIVE
                                                           CAMILLE L. VELEZ RIVE
                                                           UNITED STATES MAGISTRATE JUDGE

---

[2] In light of the instant ruling, the Court strongly encourages the parties to resume the settlement negotiations in this case. The controversies are simple and should be easy to ascertain and resolve. This would serve to conserve scarce judicial time and resources. The parties are granted thirty (30) days to conduct further settlement negotiations and jointly inform the Court of the outcome. If no settlement is reached, the Pre-Trial/Settlement Conference and the Jury Trial will be promptly scheduled.